IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE AUTO PROPERTY AND<br>CASUALTY INSURANCE CO.,<br><br>      Plaintiff–Counter-Defendant,<br><br>versus<br><br>TAYLOR FORTUNE GROUP<br>TENNESSEE, LLC,<br><br>      Defendant–Counter-Plaintiff. | Civil Action No. 2:21-cv-02174-ILRL-DPC<br><br>Section B<br>District Judge Lemelle<br>Magistrate Judge Currault |

**STATE AUTO PROPERTY AND CASUALTY INSURANCE CO.'S
MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO STRIKE OR DISMISS UNTIMELY COUNTERCLAIM</u>**

In accordance with Local Rule 7.4, Plaintiff–Counter-Defendant State Auto Property and Casualty Insurance Co. ("State Auto") submits this memorandum in support of its Motion to Strike or Dismiss the untimely Counterclaim of Defendant–Counter-Plaintiff Taylor Fortune Group Tennessee LLC ("TFGroup").

### INTRODUCTION

TFGroup's October 12, 2022, Counterclaim against State Auto (Rec. Doc. 21 at 22–28) is untimely under both this Court's Scheduling Order (Rec. Doc. 17) and the Federal Rules of Civil Procedure. The Scheduling Order imposed an August 1, 2022, deadline for amending the pleadings or asserting any counterclaims. (*Id.* at 1.) State Auto met that deadline, and this Court granted State Auto's motion for leave to file a First Amended Complaint for Declaratory Judgment. (Rec. Docs. 18, 19, 20.) But the August 1 deadline came and went without TFGroup bringing any affirmative cause of action in this case. And after it was served with State Auto's First Amended Complaint, TFGroup failed to respond to that amended pleading within the deadline imposed by Federal Rule

of Civil Procedure 15. Instead, TFGroup waited until October 12—ten weeks after the Scheduling Order's deadline for adding counterclaims, and six weeks past the deadline for responding to State Auto's First Amended Complaint—to assert its Counterclaim.

Because TFGroup's Counterclaim is untimely, and for the reasons below, this Court should strike or dismiss it.

## BACKGROUND

### I.  When this case began, TFGroup filed a belated Answer, but no counterclaim.

State Auto filed this declaratory-judgment action on November 23, 2021, seeking a declaration of the parties' rights and obligations under an insurance policy issued by State Auto to TFGroup ("the Policy"). (Rec. Doc. 1.) Specifically, TFGroup has tendered a claim under the Policy for a lawsuit filed in California: *Kytch, Inc. v. Gamble, et al.*, No. RG21099155 (Cal. Super. Ct., Alameda Cnty.). That California case is known as "the Underlying Action." In this action, State Auto seeks a declaration that it has no duty to defend or indemnify TFGroup in the Underlying Action. TFGroup disagrees, contending that State Auto must defend TFGroup in the Underlying Action.

At first, TFGroup's response to State Auto's initial Complaint was due January 25, 2022. (Rec. Doc. 9 at 1.) Under Local Rule 7.8, this Court extended that deadline to February 15, 2022. (Rec. Doc. 10 at 1; *see* Rec. Doc. 9 at 2.) But that deadline passed without a response to State Auto's initial Complaint; TFGroup essentially gave itself an extension until March 14, 2022. (*See* Rec. Doc. 12; *cf.* Rec. Doc. 11.) At that time, TFGroup finally filed an Answer. (Rec. Doc. 12.) TFGroup did not file a counterclaim at that time (for breach of contract or otherwise), despite TFGroup's position that State Auto owed benefits under the Policy. (*See id.* at 17.)

## II. After this Court granted State Auto's timely motion for leave to amend, State Auto's First Amended Complaint was filed on August 17, 2022.

When State Auto filed this action, it directed its initial Complaint at the then-operative pleading in the Underlying Action. (*See* Rec. Doc. 1-4.) But on April 29, 2022, the plaintiff in the Underlying Action filed a First Amended Complaint in that action, referred to here as "the Underlying FAC." (*See* Rec. Doc. 20-3.) Counsel for State Auto kept this Court informed of the likely need to amend its pleading in this action in light of the Underlying FAC. And on June 2, 2022, the Court gave the parties until August 1, 2022, to amend the pleadings: "Amendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than August 1, 2022." (Rec. Doc. 17 at 1.) The Scheduling Order also imposed other case deadlines. For instance, trial exhibit lists are due March 6, 2023, dispositive motions must be heard by March 29, 2023, and a jury trial starts May 15, 2023. (*Id.* at 1–3.)

In accordance with the Scheduling Order, State Auto timely moved for leave to file a First Amended Complaint for Declaratory Judgment. (Rec. Doc. 18.) State Auto attached a proposed First Amended Complaint to its motion. (*See* Rec. Docs. 18-3–18-6.)

On August 17, 2022, this Court granted State Auto's motion for leave to amend, and it directed the Clerk of Court to file State Auto's proposed First Amended Complaint on the docket. (Rec. Doc. 19 at 3.) That same day, the Clerk of Court filed State Auto's First Amended Complaint on the docket (Rec. Doc. 20), and TFGroup's attorneys were therefore electronically served with a copy of State Auto's amended pleading (*see* Ex. A [Notice of Electronic Filing]).

## III. TFGroup did not file its Counterclaim until October 12, 2022.

Yet TFGroup did not respond to State Auto's First Amended Complaint until October 12, 2022. (Rec. Doc. 21.) When it finally did respond, TFGroup did not simply file an Answer; it also asserted a Counterclaim, alleging that State Auto is liable for purported breach of contract, breach

of an implied covenant of good faith and fair dealing, and violation of Louisiana Revised Statutes §§ 22:1973 and 22:1892. (*Id.* at 22–28.) The Counterclaim is TFGroup's first effort to obtain affirmative relief against State Auto in this civil action. While some paragraphs in the Counterclaim are about alleged events after the Underlying FAC was filed in April 2022, TFGroup does not tie its request for benefits to the Underlying FAC alone. Rather, TFGroup contends that State Auto should have paid benefits before this declaratory-judgment action began in November 2021 (and thus before the Underlying FAC was filed). (*Id.* at 25, ¶ 23.)

This Court did not modify the Scheduling Order to let TFGroup bring a counterclaim after August 1, 2022. Nor did it grant TFGroup an extension of time to respond to the First Amended Complaint. TFGroup never asked this Court—or State Auto—for any such relief.

**ARGUMENT**

TFGroup's Counterclaim is untimely under this Court's Scheduling Order and the Federal Rules of Civil Procedure. As a result, this Court should strike or dismiss the Counterclaim.

**I.    This Court should strike or dismiss the Counterclaim as untimely under the Scheduling Order.**

Before October 12, 2022, TFGroup asserted no cause of action against State Auto. And in its June 2, 2022, Scheduling Order, this Court imposed a clear, firm deadline for bringing a counterclaim: "Amendments to pleadings, third-party actions, cross-claims and *counter-claims shall be filed no later than August 1, 2022*." (Rec. Doc. 17 at 1 (emphasis added).) TFGroup has not asked this Court to modify that deadline, and this Court has not done so. As a result, TFGroup's October 12, 2022, Counterclaim comes more than ten weeks too late.[1]

---

[1]    The Scheduling Order instructs that "[r]esponsive pleadings shall be filed within the applicable delays." (Rec. Doc. 17 at 2.) Though counterclaims should be "brought in a responsive pleading," *Core 4 Kebawk, LLC v. Ralph's Concrete Pumping, Inc.*, No. 10-cv-2792, 2011 WL 743455, at *1 (E.D. La. Feb. 22, 2011), the Scheduling Order specifically identifies August 1, 2022, as the deadline for counterclaims (Rec. Doc. 17 at 1). Thus, TFGroup cannot successfully argue that it

Because it is untimely, TFGroup's Counterclaim should be stricken or dismissed. Other courts in this Circuit have stricken or dismissed untimely counterclaims. *See, e.g.*, *Entergy Gulf States La., LLC v. La. Generating, LLC*, No. 14-cv-385, 2021 WL 1216514, at *2 (M.D. La. Mar. 1, 2021) (both striking and dismissing counterclaims filed without permission after the deadline for amending pleadings); *Panoceanis Mar., Inc. v. M/V Eula B. Devall*, No. 11-cv-2739, 2013 WL 264616, at *4 (E.D. La. Jan. 23, 2013) (dismissing counterclaims filed without permission after the deadline for amending pleadings); *In re Graham Offshore*, No. 98-cv-850, 1999 WL 1133408, at *1 (E.D. La. Dec. 9, 1999) (striking an untimely counterclaim); *Phila. Indem. Ins. Co. v. Hallmark Claims Serv., Inc.*, No. 07-cv-1469, 2008 WL 5191910, at *11 (N.D. Tex. Dec. 10, 2008) (same). This Court can do so, too, given its "'broad discretion to preserve the integrity and purpose of [its] pretrial order.'" *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (citation omitted).[2]

And this Court should exercise its authority here for at least two reasons. First, TFGroup cannot simply ignore the Court's deadlines. *See Richard v. St. Tammany Par. Sheriff's Dep't*, No. 17-cv-9703, 2022 WL 2355549, at *4 (E.D. La. June 30, 2022) ("The Court's orders and deadlines must be respected to ensure the orderliness and timeliness of all trials."). This was not the first time that TFGroup failed to timely respond to a pleading in this case (*see* Rec. Docs. 10, 11, 12), and TFGroup missed the Scheduling Order's deadline by nearly two-and-a-half months.

---

was entitled to delay its Counterclaim. Further, as explained in Part II of the Argument, TFGroup's Answer to the First Amended Complaint came a full six weeks *after* the "applicable delay" passed under Federal Rule of Civil Procedure 15.

[2]   *Accord, e.g.*, *Gaudet v. Howard L. Nations, APC*, No. 19-cv-10356, 2021 WL 2446203, at *3 (E.D. La. June 15, 2021) (stating that "the Court has 'broad discretion' to enforce its scheduling order" (citation omitted)); *Curol v. Energy Res. Tech., Inc.*, No. 03-cv-3126, 2004 WL 2609963, at *3 (E.D. La. Nov. 16, 2004) ("Trial courts have broad discretion to preserve the integrity and purpose of [their] pretrial orders 'which, toward the end of court efficiency, is to expedite pretrial procedure.'" (citation omitted)), *aff'd*, 203 F. App'x 675 (5th Cir. 2006) (per curiam).

Second, TFGroup cannot show "good cause" for modifying the Scheduling Order to allow its untimely counterclaim—a showing it would have to make to warrant modifying the Scheduling Order. FED. R. CIV. P. 16(b)(4). "Four factors are relevant" to whether good cause exists: (1) "the explanation for the failure" to meet the Scheduling Order's deadline; (2) "the importance" of the requested modification; (3) the "potential prejudice" that may result; and (4) "the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008) (citation and internal quotation marks omitted). But these factors do not establish good cause here.

TFGroup has not explained its failure to file a timely counterclaim, and any after-the-fact explanation it may offer in the future cannot avoid the reality that it could have asserted a counterclaim months ago. TFGroup's basic argument is that State Auto has owed benefits under the Policy since at least November 2021 (*see* Rec. Doc. 21 at 25, ¶ 23), and TFGroup has long disputed State Auto's position about coverage (*see* Rec. Doc. 12 at 17). Yet TFGroup did not bring a counterclaim in its March 2022 Answer to State Auto's initial Complaint. Nor did it seek leave to assert a counterclaim immediately after the Underlying FAC was filed in April 2022. TFGroup simply waited to file its Counterclaim, without permission and out of time, in October 2022.

Next, when it comes to the supposed importance of the Counterclaim, State Auto agreed to participate in TFGroup's defense in the Underlying Action *before* TFGroup filed the Counterclaim. (*See* Rec. Doc. 21 at 24, ¶¶ 16–17.) And even without the Counterclaim, resolving State Auto's claims for declaratory-judgment will determine whether State Auto must defend or indemnify TFGroup.

Further, TFGroup's Counterclaim will prejudice State Auto by expanding the scope of this case at a later stage. The Counterclaim will transform a straightforward declaratory-judgment case

into a more complex breach-of-contract and bad-faith lawsuit, and it will require discovery on new topics (such as State Auto's claims handling). *See S&W Enters. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536–37 (5th Cir. 2003) (treating a need to "conduct additional discovery" as a form of prejudice). Also, under the current Scheduling Order, trial exhibit lists are due March 6, 2023, dispositive motions must be heard by March 29, 2023, and trial starts on May 15, 2023. (Rec. Doc. 17 at 1–3.) Having to conduct the necessary additional discovery on this schedule will further prejudice State Auto. *See Fahim*, 551 F.3d at 348 (explaining that a party "would have been prejudiced if it had been forced to defend against a new claim and basis for recovery so late in the litigation").

But any attempt to cure this prejudice through a continuance will only inflict other harms on State Auto. State Auto has put TFGroup's interests ahead of its own by agreeing to participate in TFGroup's defense in the Underlying Action. (*See* Rec. Doc. 21 at 24, ¶ 17.) If State Auto prevails on its declaratory-judgment claims in this action, however, then State Auto will have spent resources for which it had no duty in the first place. Even were State Auto able to recoup its expenditures, the delay in reimbursement will constitute harm. Thus, State Auto has an interest in avoiding the delay that any continuance will entail. *See, e.g.*, *Harney v. Select Portfolio Servicing, Inc.*, No. 16-cv-1998, 2018 WL 1182407, at *5 (E.D. La. Mar. 7, 2018) (declining leave to amend based on a need to avoid delay).

For these reasons, because TFGroup's Counterclaim did not comply with the Scheduling Order, TFGroup should not be allowed to proceed with that Counterclaim.

**II.     This Court should strike or dismiss the Counterclaim as untimely under the Federal Rules of Civil Procedure.**

This Court should also strike or dismiss the Counterclaim on the grounds that it is untimely under the Federal Rules of Civil Procedure.

TFGroup was served with State Auto's First Amended Complaint on August 17, 2022—when the Clerk of Court filed that pleading on the docket, and when TFGroup's attorneys were electronically served. (Rec. Doc. 20; Ex. A.) That service on counsel was proper. *See* FED. R. CIV. P. 5(b)(1), 5(b)(2)(E).[3] So under Federal Rule of Civil Procedure 15, TFGroup had to respond to the First Amended Complaint within 14 days after service of the amended pleading—that is, by August 31, 2022. FED. R. CIV. P. 15(a)(3). Under the Scheduling Order, moreover, "[r]esponsive pleadings shall be filed within the applicable delays." (Rec. Doc. 17 at 2.)

This means TFGroup could not assert its counterclaim after August 31. Under federal procedural rules, a counterclaim must be in a pleading. *See* FED. R. CIV. P. 13(a)–(b); *Core 4 Kebawk*, 2011 WL 743455, at *1; *see also Garcia v. Madison River Commc'ns, L.L.C.*, No. 02-cv-15, 2002 WL 1798774, at *2 (E.D. La. Aug. 5, 2002) ("Rule 13 should be read in conjunction with Rule 15"); FED. R. CIV. P. 13 advisory committee's note to 2009 amendment ("An amendment to add a counterclaim will be governed by Rule 15."). So even if the Scheduling Order's more specific August 1 deadline for counterclaims did not apply (it does), TFGroup's Counterclaim was due—at the latest—by August 31.[4]

Again, though, TFGroup did not seek or obtain this Court's permission to extend that deadline. Instead, TFGroup waited to file its Answer and Counterclaim until October 12—six weeks after the deadline imposed by the Federal Rules of Civil Procedure. Because TFGroup's response to State Auto's First Amended Complaint did not comply with Rule 15, however, it had no legal

---

[3]   *See also* EASTERN DIST. OF LA., ADMINISTRATIVE PROCEDURES FOR ELECTRONIC CASE FILINGS AND UNIQUE PROCEDURES AND PRACTICES FOR ELECTRONIC FILINGS, Rule 9 (Mar. 2015).

[4]   Whether the Scheduling Order imposed an August 1 deadline or an August 31 deadline for a counterclaim, TFGroup violated the Scheduling Order by filing its Counterclaim on October 12.

effect. *See U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) (explaining that when leave to amend is required, failure to obtain leave results in an amended pleading "having no legal effect"); *Pinkston v. Miss. Dep't of Corr.*, No. 17-cv-39, 2018 WL 3579473, at *3 (N.D. Miss. July 25, 2018) (stating that "an untimely answer is a nullity").

This Court should therefore strike or dismiss TFGroup's untimely Counterclaim. *See, e.g.*, *United States v. Saul*, No. 09-cv-69, 2011 WL 13220641, at *1 (E.D. Tex. Dec. 2, 2011) (striking a counterclaim for being untimely under the Federal Rules of Civil Procedure); *Rimkus Consulting Grp. v. Cammarata*, 255 F.R.D. 417, 443 (S.D. Tex. 2008) (same).[5]

### CONCLUSION

For the reasons above, State Auto's motion to strike or dismiss should be GRANTED, and TFGroup's Counterclaim (Rec. Doc. 21 at 22–28) should be STRICKEN or DISMISSED.

Respectfully submitted this the 2nd day of November, 2022,

        **MAYNARD COOPER & GALE, P.C.**

        /s/ *Christopher C. Frost*
        CHRISTOPHER C. FROST (*pro hac vice*)
        JOSHUA B. BAKER (*pro hac vice*)
        CALEB C. WOLANEK (*pro hac vice*)
        1901 Sixth Avenue North, Suite 1700
        Birmingham, AL 35203
        T: (205) 254-1000
        F: (205) 254-1999
        jbaker@maynardcooper.com
        cfrost@maynardcooper.com
        cwolanek@maynardcooper.com

---

[5] To be clear, State Auto moves to strike or dismiss TFGroup's Counterclaim only. Granting State Auto's motion therefore will not result in TFGroup being subject to the entry of default under Federal Rule of Civil Procedure 55.

**SCANDURRO & LAYRISSON, L.L.C.**
TIMOTHY D. SCANDURRO, Bar #18424
DEWEY M. SCANDURRO, Bar #23291, T.A.
607 St. Charles Avenue
New Orleans, LA 70130
T: (504) 522-7100
F: (504) 529-6199
tim@scanlayr.com
dewey@scanlayr.com

*Attorneys for Plaintiff–Counter-Defendant*
*State Auto Property and Casualty Insurance Co.*