# Exhibit A



**Christopher C. Frost**
DIRECT 205.254.1186
EMAIL  CFrost@maynardcooper.com

September 30, 2022

**Via Email**

Randy M. Hess
HESS BOWER ADAMS-HESS, PC
2105 S. Bascom Ave., Suite 200
Campbell, CA 95008
rhess@hbalawgroup.com

> **Re:**   *State Auto Property & Casualty Insurance Co. v. Taylor Fortune Group Tennessee, LLC*, **Civil Action No. 2:21-cv-2174-ILRL-DPC (E.D. La.)**

Dear Randy:

I write to discuss Taylor Fortune Group Tennessee, LLC's failure to respond to State Auto Property and Casualty Insurance Co.'s First Amended Complaint for Declaratory Judgment in the above-referenced case.

As you know, on August 1, 2022, State Auto moved for leave to file its First Amended Complaint. (Rec. Doc. 18.) A proposed First Amended Complaint was attached to that motion. (Rec. Docs. 18-3–18-6.) On August 17, the Court granted State Auto's motion (which TFGroup did not oppose), and the Court directed the Clerk of Court to file State Auto's proposed First Amended Complaint on the docket. (Rec. Doc. 19.) That same day, the Clerk of Court filed State Auto's First Amended Complaint on the docket (Rec. Doc. 20), and TFGroup's attorneys in this action were electronically served with a copy of the First Amended Complaint.

Under Federal Rule of Civil Procedure 15(a)(3), TFGroup's response to the First Amended Complaint was due no later than August 31, 2021. To date, however, TFGroup has filed no response to that pleading. Nor has TFGroup sought—much less been granted—any extension of time to respond to the First Amended Complaint.[1]

Under these circumstances, State Auto is well within its rights to seek an entry of default against TFGroup under Federal Rule of Civil Procedure 55. Before pursuing an entry of default, however, we wanted extend you the courtesy of this letter and ask whether TFGroup intends to defend against this action. If TFGroup intends to defend against this action, we urge it to file an Answer as soon as possible. (State Auto fully reserves asll rights to oppose any potential motion to dismiss or counterclaim—including the right to argue that any such motion or counterclaim is untimely.) If TFGroup still has not responded to the First Amended Complaint by October 11, 2022, we intend to seek an entry of default against TFGroup under Rule 55.

---

[1]     We note that earlier this year, TFGroup also missed the deadline for responding to State Auto's initial Complaint. (*See* Rec. Docs. 9, 10, 11, 12.)

September 30, 2022
Page 2

       We look forward to hearing from you.

                                 Very truly yours,

                                 Christopher C. Frost


CC:    Nicole S. Adams-Hess (nadamshess@hbalawgroup.com)
        Darren Le Montree (dlemontree@hbalawgroup.com)
        Tim M. Agajanian (tim.agajanian@ropers.com)
        David P. Vicknair (david@svlaw.law)
        Brad P. Scott (brad@svlaw.law)
        Caitlin B. Carrigan (caitlin@svlaw.law)
        Timothy D. Scandurro (tim@scanlayr.com)
        Dewey M. Scandurro (dewey@scanlayr.com)
        Joshua B. Baker (jbaker@maynardcooper.com)
        Caleb C. Wolanek (cwolanek@maynardcooper.com)