UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE CO. | : | CIVIL ACTION NO: 21-2174 SEC. B-2 |
| VERSUS | : | JUDGE LEMELLE |
| TAYLOR FORTUNE GROUP TENNESSEE, LLC | : | MAGISTRATE JUDGE CURRAULT |

**TAYLOR FORTUNE GROUP'S LOCAL RULE 56.2 STATEMENT OF UNDISPUTED MATERIAL FACTS THAT DEFEAT PLAINTIFFS' MOTION AND RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Taylor Fortune Group Tennessee, LLC ("TFGT") submits this Local Rule 56.2 Statement of Undisputed Material Facts that defeat the Plaintiff's Motion for Summary Judgment and Response to the Plaintiff's Statement of Undisputed Material Facts as follows:

A. Statement of Undisputed Material Facts that Defeat the Plaintiff's Motion for Summary Judgment:

1. State Auto is also obligated TO indemnify TFGT under Coverage B for alleged "personal and advertising injury,"[1] which is defined in the policy as including:

    > d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; [2]

2. State Auto admits the above fact in its supporting memorandum: "Coverage B would apply only if the Underlying Action sought to hold *TFG* [*i.e.* TFGT] itself liable for publishing slanderous, libelous, or disparaging materials." Rec. Doc.

---

[1] Rec. Doc. 37-3 [Exhibit A to State Auto's motion] at 120.
[2] *Id.* at 129.

37-1, pp 13-14.

3. The plaintiff in the Underlying Action has in no uncertain terms alleged damages for slander, libel and disparagement against TFGT that triggers State Auto's duty to defend.

4. In the plaintiff's Second Amended Complaint filed in California State Court, TFGT is named as one of several "Defendants" against whom the following allegation was made[3]:

> 491. Defendants' conduct is and was wrongful—independent of any interference with the business and economic relationships discussed here—because it constitutes product disparagement, false advertising, trade libel, extortion, and fraud.

5. The allegation in Paragraph 491 above was preceded by a number of non-exclusive fact allegations including TFGT (a) using its "repair technicians to systematically identify machines to which a KSD was attached," (b) making "unlawful statements to all [plaintiff's] customers and prospective business relationships with [plaintiff]," and (c) "inducing Kytch customers to develop Taylor and PHD's competing products."[4]

6. The foregoing fact allegations and others made in the California plaintiff's First Amended Complaint[5] and Second Amended Complaint[6] are described as "negligent,"[7] "wrongful,"[8] and allegedly actionable "product disparagement, false advertising [and] trade libel."[9]

---

[3] Rec. Doc. 37-7, p. 97 (California plaintiff's Second Amended Complaint).
[4] *Id.*
[5] Rec, Doc 37-6, p. 97-98.
[6] Rec. Doc. 37-7, p. 97
[7] Rec. Doc 37-6, p. 97-98.
[8] *Id.* and Rec. Doc. 37-7, p. 97-98.
[9] *Id.*

B. TFGT's Responds to the Plaintiff's Statement of Undisputed Material Facts as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. A response is not necessary because it is irrelevant who is not an insured under the policies. The present motion concerns the plaintiff's obligation to defend TFGT as the named insured under the Underlying Action.

5. Admitted.

6. Admitted.

7. A response is not necessary because it is irrelevant to State Auto's duty to defend what provisions of its policy may not apply to the claims made against TFGT in the Underlying Action. Coverage is afforded under Coverage B, and "once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage." *Coleman,* 418 F.3d at 523 (quoting *Montgomery Elevator Co. v. Bldg. Eng'g Servs. Co.,* 730 F.2d 377, 382 (5th Cir.1984)).

8. Admitted, although the letter associated with State Auto's defense of TFGT is a written document and the best evidence of its content. *See* Rec. Doc. 34-2.

9. Admitted.

10. Admitted.

11. Admitted.

12. A response is not necessary because it is irrelevant to State Auto's duty to defend

what provisions of its policy may not apply to the claims made against TFGT in the Underlying Action. Coverage is afforded under Coverage B, and "once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage." *Coleman,* 418 F.3d at 523 (quoting *Montgomery Elevator Co. v. Bldg. Eng'g Servs. Co.,* 730 F.2d 377, 382 (5th Cir.1984)).

13. A response is not necessary because it is irrelevant to State Auto's duty to defend what provisions of its policy may not apply to the claims made against TFGT in the Underlying Action. Coverage is afforded under Coverage B, and "once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage." *Coleman,* 418 F.3d at 523 (quoting *Montgomery Elevator Co. v. Bldg. Eng'g Servs. Co.,* 730 F.2d 377, 382 (5th Cir.1984)).

14. A response is not necessary because it is irrelevant to State Auto's duty to defend what provisions of its policy may not apply to the claims made against TFGT in the Underlying Action. Coverage is afforded under Coverage B, and "once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage." *Coleman,* 418 F.3d at 523 (quoting *Montgomery Elevator Co. v. Bldg. Eng'g Servs. Co.,* 730 F.2d 377, 382 (5th Cir.1984)).

15. A response is not necessary because it is irrelevant to State Auto's duty to defend what provisions of its policy may not apply to the claims made against TFGT in the Underlying Action. Coverage is afforded under Coverage B, and "once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage." *Coleman,* 418 F.3d at 523 (quoting *Montgomery Elevator Co. v. Bldg. Eng'g Servs. Co.,* 730 F.2d 377, 382 (5th Cir.1984)).

16. A response is not necessary because it is irrelevant to State Auto's duty to defend what provisions of its policy may not apply to the claims made against TFGT in the Underlying Action. Coverage is afforded under Coverage B, and "once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage." *Coleman,* 418 F.3d at 523 (quoting *Montgomery Elevator Co. v. Bldg. Eng'g Servs. Co.,* 730 F.2d 377, 382 (5th Cir.1984)).

17. A response is not necessary because it is irrelevant to State Auto's duty to defend what provisions of its policy may not apply to the claims made against TFGT in the Underlying Action. Coverage is afforded under Coverage B, and "once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage." *Coleman,* 418 F.3d at 523 (quoting *Montgomery Elevator Co. v. Bldg. Eng'g Servs. Co.,* 730 F.2d 377,

382 (5th Cir.1984)).

18. A response is not necessary because it is irrelevant to State Auto's duty to defend what provisions of its policy may not apply to the claims made against TFGT in the Underlying Action. Coverage is afforded under Coverage B, and "once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage." *Coleman,* 418 F.3d at 523 (quoting *Montgomery Elevator Co. v. Bldg. Eng'g Servs. Co.,* 730 F.2d 377, 382 (5th Cir.1984)).

19. A response is not necessary because it is irrelevant to State Auto's duty to defend what provisions of its policy may not apply to the claims made against TFGT in the Underlying Action. Coverage is afforded under Coverage B, and "once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage." *Coleman,* 418 F.3d at 523 (quoting *Montgomery Elevator Co. v. Bldg. Eng'g Servs. Co.,* 730 F.2d 377, 382 (5th Cir.1984)).

20. A response is not necessary because it is irrelevant to State Auto's duty to defend what provisions of its policy may not apply to the claims made against TFGT in the Underlying Action. Coverage is afforded under Coverage B, and "once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage." *Coleman,* 418 F.3d at 523

(quoting *Montgomery Elevator Co. v. Bldg. Eng'g Servs. Co.,* 730 F.2d 377, 382 (5th Cir.1984)).

21. Denied.  *See* Nos. 3-6 of TFGT's Statement of Undisputed Material Facts that Defeat the Plaintiff's Motion for Summary Judgment above.

Respectfully submitted,

SCOTT VICKNAIR, LLC

_____
DAVID P. VICKNAIR #34135
BRAD P. SCOTT, #28220
**CAITLIN B. CARRIGAN #33754**
909 Poydras Street, Suite 2025
New Orleans, Louisiana 70112
Telephone (504) 500-1111
Facsimile (504) 226-2339
david@svlaw.law
brad@svlaw.law
caitlin@svlaw.law
*ATTORNEYS FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was electronically filed with the Clerk of Court through the CM/ECF system and all registered counsel were electronically notified and all non-CM/ECF participants were otherwise served by electronic transmission, facsimile transmission and/or U.S. Mail, properly addressed and postage prepaid this 21ST day of March, 2023.

_____
Caitlin B. Carrigan