**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2174** |
| **TAYLOR FORTUNE GROUP TENNESSEE, LLC** | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the Court are plaintiff State Auto Property and Casualty Insurance Co.'s motion to strike or dismiss untimely counterclaim (Rec. Doc. 22), and responsive pleadings to same (Rec. Docs. 27, 30). For the following reasons,

**IT IS ORDERED** that plaintiff's motion to strike or dismiss untimely counterclaim is **DENIED, with directives that appear herein**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter involves an insurance coverage dispute between plaintiff State Auto Property and Casualty Insurance Co. ("State Auto") and defendant Taylor Fortune Group Tennessee, LLC ("TFGT"). *See* Rec. Doc. 20; Rec. Doc. 27 at 1. State Auto initially refused to defend TFGT in an underlying action in California state court, *Kytch, Inc. v. Gamble, et. al.*, No. RG21099155, Cal. Super. Ct., Alamedia Cnty (the "underlying action"). *Id.* at 1-2; Rec. Doc. 22-1 at 2. As a result, State Auto filed a declaratory judgment action on November 23, 2021, seeking a declaration of the parties' rights and obligations under an insurance policy issued by State Auto to

1

TFGT. *See* Rec Doc. 1; Rec. Doc. 22-1 at 2. State Auto seeks a declaration that it has no duty to defend or indemnify TFGT in the underlying action. Rec Doc. 1; Rec. Doc 20 at 1; Rec. Doc. 22-1 at 2. Conversely, TFGT contends that State Auto must defend it in the underlying action. *See* Rec. Doc. 21 at 1-2; Rec. Doc. 22-1 at 2.

On June 2, 2022, pursuant to the Rule 16 Scheduling Order, this Court gave the parties until August 1, 2022[1] to amend the pleadings and bring counterclaims: "Amendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than August 1, 2022." Rec. Doc. 17 at 1. On August 1, 2022, plaintiff filed a motion for leave to file a first amended complaint and Magistrate Judge Currault granted said motion on August 17, 2022. Rec. Docs. 18, 19. Also on August 1, 2022, plaintiff sent a letter to defendant, agreeing to participate in its defense in the underlying action so not to disrupt this matter. *See* Rec. Doc. 21 at 24, ¶¶ 16-17.

On October 12, 2022, TFGT filed its answer and counterclaim in response to the first amended complaint. Rec. Doc. 21. The counterclaim avers breach of written contract; breach of the

---

[1] TFGT's response to State Auto's initial complaint was due on January 25, 2022. Rec. Doc. 9. Defendant moved for an extension to file its responsive pleadings on January 25. *Id.* This Court extended that deadline to February 15, 2022. Rec. Doc. 10. TFGT failed to file its responsive pleadings by that date and this Court subsequently ordered that plaintiff obtain responsive pleadings before March 23, 2022, or defendant risked a preliminary default. *See* Rec. Doc. 11. TFGT filed its answer to State Auto's initial complaint on March 14, 2022. Rec. Doc. 12. TFGT did not file its counterclaims at that time despite TFGT's claim that State Auto owed a duty to it and State Auto's refusal to honor that duty. *See id.*; *see also* Rec. Doc. 22-1 at 2.

covenant of good faith and fair dealing; and violations of LSA-RS 22:1892 and LSA-RS 22:1973. Rec. Doc. 21. On November 2, 2022, plaintiff filed the instant motion to strike or dismiss defendant's counterclaims. Rec. Doc. 22.[2]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 16(b) applies once a scheduling order has been issued by the district court. *Buchanan v. Wal-Mart Stores, Inc.*, 834 Fed. Appx. 58, 61 (5th Cir. 2020) (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)). Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Courts evaluate four factors to determine good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *Sw. Bell Tel.*, 346 F.3d at

---

[2] Plaintiff notes that this was not the first time the defendant failed to timely respond to a pleading in this case and that TFGT missed the scheduling order's deadline by about two-and-a-half months. *Id.* (citing Rec. Docs. 10, 11, 12). Notably, plaintiff waited several months to amend its complaint and did so on the very last day allowable by the Rule 16 Order.

3

546)). If the movant can show good cause, the Court will then apply the liberal amendment standards of Federal Rule of Civil Procedure Rule 15(a). *See S & W Enters.*, 315 F.3d at 536. If the movant cannot show good cause, federal district courts have the authority to enforce their scheduling orders. *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 887 n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

Pursuant to this Court's scheduling order, "[a]mendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than August 1, 2022." Rec. Doc. 17 at 1. The scheduling order's pleading deadline for counterclaims lapsed without extension before defendant filed its answer and counterclaims. *See* Rec. Docs. 17, 21. Because a scheduling order has been issued by this Court, Federal Rule of Civil Procedure 16(b) controls and the defendant must show good cause to modify the scheduling order before the more liberal amendment standards of Federal Rule of Civil Procedure Rule 15(a) will apply to allow defendant to add its counterclaims. *See Buchanan*, 834 Fed. Appx. at 61; *Laborfest, L.L.C. v. City of San Antonio*, No. 22-50038, 2023 WL 1434272, at *3 (5th Cir. 2023).

In determining whether good cause exists, the Court first considers defendant's explanation for its failure to timely move for leave to amend. *See S & W Enters.*, 315 F.3d at 536. Defendant does not address Rule 16's good cause standard but does provide

4

several explanations for its failure to timely bring its counterclaims. It argues that the bad faith conduct of State Auto allegedly engaged in, the actions that underlie its counterclaim, occurred through August 1, 2022, causing its failure to meet the deadline for filing counterclaims. *See* Rec. Doc. 27 at 1, 4.[3] Defendant also states that because State Auto did not amend its initial complaint until August 17, 2022, defendant was not able to comply with the August 1 deadline. *See id* at 3. Finally, defendant argues it failed to timely file its counterclaim because it felt a counterclaim was not required considering the nature of the underlying action and the conversations between the parties. *See id.* at 5. It believed plaintiff would "give genuine consideration" to defendant's request to stay or dismiss this matter while the underlying action was ongoing. *See id.*

Defendant does not provide a satisfactory explanation for its failure to file its counterclaims. Courts in this district have held that "[n]ewly discovered information acquired through discovery ... constitute[s] good cause for an untimely leave to amend under Rule 16." *Rivera v. Robinson*, No. CV 18-14005, 2019 WL 4024939, at *2 (E.D. La. Aug. 27, 2019) (citing *Bayou Liberty Prop., LLC v. Best Buy Stores, LP*, 2015 WL 1415704, at *2 (E.D. La. Mar. 27, 2015)); *EPL Oil & Gas, Inc. v. Tana Expl. Co., LLC*,

---

[3] Defendant also writes that it did not timely file because its counsel "sought to avoid increasing the cost of litigation in Louisiana unnecessarily for all parties[.]" Rec. Doc 27 at 4-5.

No. CV 18-00757, 2018 WL 4489287, at *3 (E.D. La. Sept. 17, 2018) (finding satisfactory explanation where party learned of facts supporting claims after the amendment deadline).

Here, defendant alleges three counterclaims that all arise from State Auto's decision to not promptly defend TFGT in the underlying action. *See* Rec. Doc. 21 at 25-27. Defendant's allegations stem from State Auto's decision to not defend it in the underlying action, **knowledge that defendant had since November 12, 2021, at the earliest, or August 1, 2022, at the latest**. Nevertheless, defendant failed to bring its claims until October 12, 2022. *See* Rec. Doc 21 at 23-25. TFGT filed its answer to State Auto's initial complaint on March 14, 2022. Rec. Doc. 12. TFGT did not file counterclaims at that time despite State Auto's refusal to defend it, a decision by the plaintiff that was already known to the defendant. *See* Rec. Doc. 21 at 25-27; *see also* Rec. Doc. 22-1 at 2. Thus, no newly discovered information led to Defendant's counterclaims. *See Rivera,* 2019 WL 4024939 at *2; *Bayou Liberty Prop.,* 2015 WL 1415704, at *2; *EPL Oil & Gas,* 2018 WL 4489287 at *3.

Next, the Court considers the importance of the amendment. Courts in this circuit have held that counterclaims that are likely to fail or futile are not important. *See Sw. Bell Tel.*, 346 F.3d at 547 (weighing importance against the moving party due to "the likely failure of the proposed counterclaims"); *Denson v. BeavEx,*

6

*Inc.*, 612 F. App'x 754, 758 (5th Cir. 2015) (finding no abuse of discretion when district court denied leave to amend on the "basis of futility"). While TFGT's counterclaims appear tenuous in the face of State Auto's relatively recent agreement to defend or indemnify TFGT pending resolution of this declaratory judgment action, we cannot say at this stage which are futile and which are not.

Next, the Court considers the potential prejudice in allowing the amendment. TFGT argues that its counterclaim will not prejudice State Auto because the delay until October 12 was not material to State Auto's handling of this matter and no discovery was conducted during this time. Rec. Doc. 27 at 6. Defendant claims denial of its counterclaims would be an "undue forfeiture that the law and the FRCP strongly disfavor." *Id.* at 7. State Auto argues allowance of the late counterclaim will prejudice it by expanding the scope of this case, transforming it into a more complex one that requires discovery—all at a late stage in the proceedings with trial on the horizon. *See* Rec. Doc. 22-1 at 7.

We acknowledge there is potential for prejudice to State Auto. *Fahim*, 551 F.3d at 348 (finding that non-moving party "would have been prejudiced if it had been forced to defend against a new claim ... so late in the litigation"). If defendant's counterclaims proceed, State Auto would have to defend against breach of contract, the covenant of good faith and fair dealing, and La.

7

R.S. 22:1892 and 22:1973 claims. *See* Rec. Doc. 21 at 25-27. Allowing these transformative counterclaims after the scheduling order deadline, and just weeks before the hearing of dispositive motions and trial, would likely prejudice State Auto. *See Singh*, 2022 WL 17604514, at *5; *Mayeaux*, 376 F.3d at 427; *Fahim*, 551 F.3d at 348.

Finally, the Court must consider the availability of cure(s) for prejudice. TFGT argues that the May 15, 2023 trial date provides enough time to conduct discovery, but even if it isn't, TFGT will stipulate to a reasonable continuance. *See* Rec. Doc. 27 at 6. State Auto argues a continuance would only exacerbate the prejudice against them because it will cause plaintiff to spend more on possibly unrecoverable resources in the underlying action.

Accordingly, we direct imposition of the following cures for the noted prejudice to plaintiff – all arising from the blatantly unreasonable delay by defendant's assertion of above-noted counterclaims:

1. A reasonable extension of **deadlines** until **May 4, 2023** is allowed for expedited discovery work **only** on the counterclaims;

2. Based on reasons heretofore state, sanctions for reasonable attorney's fees and costs are assessed against defendant and/or their counsel for the latter limited discovery that may be performed; and

8

3. The final pre-trial conference currently scheduled for May 4, 2023 is **reset to occur on Thursday, May 11, 2023 at 10:00 a.m. o'clock**. Parties and counsel of record should proceed in good faith to accomplish the foregoing directives within the stated timeframe. In that regard, **defendant shall produce within five days** all documentary evidence and contact information of witnesses relative to its counterclaims, including a brief explanation about each document and witness. The **May 15, 2023** trial date remains unchanged.

New Orleans, Louisiana this 3rd day of April, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE