IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE CO., <br><br> Plaintiff–Counter-Defendant, <br><br> versus <br><br> TAYLOR FORTUNE GROUP TENNESSEE, LLC, <br><br> Defendant–Counter-Plaintiff. | Civil Action No. 2:21-cv-02174-ILRL-DPC <br><br> Section B <br> District Judge Lemelle <br> Magistrate Judge Currault |

**STATE AUTO PROPERTY AND CASUALTY INSURANCE CO.'S
<u>MEMORANDUM IN SUPPORT OF ITS MOTION TO LIFT THE STAY</u>**

State Auto Property and Casualty Insurance Co. ("State Auto") submits this memorandum in support of its Motion to Lift the Stay.

### INTRODUCTION

State Auto filed this declaratory-judgment action almost two years ago, seeking the Court's help in determining whether it has a duty to defend or indemnify Taylor Fortune Group Tennessee, LLC ("TFG") against a California state-court case. As an element of a partial settlement, the parties agreed to a six-month stay in April 2023. Those six months are now up, and this Court should lift the stay.

The underlying state-court case cannot resolve whether State Auto has a duty to defend; only this Court can answer that question. State Auto is not a party to the California case, and that case does not address insurance coverage. Continuing to stay this declaratory-judgment action will prejudice State Auto because State Auto is participating in TFG's defense of the underlying state-court case under a reservation of rights. If this Court agrees with State Auto that it has no duty to defend, then State Auto will have been paying money it does not owe. Letting this straightforward

case go forward, by contrast, will not prejudice TFG. TFG has other insurance from another carrier, and TFG has no right to insurance benefits that its contract with State Auto does not provide. For these and other reasons, this Court should lift the stay of this action and resolve the coverage dispute.

## BACKGROUND

### A. The Underlying Action.

In 2019 and 2020, State Auto issued insurance policies (collectively known as "the Policy") to TFG. Rec. Docs. 37-3, 37-4. In 2021, TFG tendered a claim under the Policy for a lawsuit filed in California state court: *Kytch, Inc. v. Gamble, et al.*, No. RG21099155 (Cal. Super. Ct., Alameda Cnty.). That state-court case is called "the Underlying Action." The Underlying Action is about alleged corporate espionage. *See generally* Rec. Doc. 37-6. The plaintiff in the Underlying Action—Kytch, Inc.—filed its initial complaint in May 2021. Rec. Doc. 37-5. Kytch then filed a first amended complaint in April 2022, Rec. Doc. 37-6, and a second amended complaint in September 2022, Rec. Doc. 37-6. The trial of the Underlying Action had been set for November 2023, but trial was recently postponed until at least May 6, 2024. *See* Ex. A at 1–2.

State Auto is not a party to the Underlying Action, but State Auto is paying to defend TFG against that case, subject to a reservation of rights. Rec. Doc. 34-2 at 1–2. Another insurer is also paying to defend TFG against the Underlying Action.

### B. This Action.

Though State Auto is helping fund TFG's defense of the Underlying Action, State Auto's position is that it has no duty to defend TFG. *See generally, e.g.*, Rec. Doc. 37-1. State Auto filed this declaratory-judgment action in November 2021 to obtain a judicial declaration of the parties' rights and obligations under the Policy. Rec. Doc. 1; *see* Rec. Doc. 20 (First Amended Complaint). TFG later counterclaimed for breach of contract and bad faith. Rec. Doc. 21.

Trial was set for May 2023. Rec. Doc. 17 at 3. Before trial, State Auto moved for summary judgment, Rec. Doc. 37, and TFG moved to dismiss, Rec. Doc. 34. Those potentially dispositive motions have been fully briefed since the end of March 2023. *See* Rec. Docs. 38, 39, 44, 47.

In April 2023, Magistrate Judge Currault held a settlement conference at which the parties reached a partial settlement agreement. Rec. Doc. 50. That partial settlement had three major components: (1) the parties agreed to voluntarily resolve "all issues relating to past defense costs"; (2) the parties agreed to voluntarily resolve TFG's bad-faith claims; and (3) the parties agreed to ask for a six-month stay of this action. *Id.* at 1. The partial settlement did *not* resolve whether State Auto must defend or indemnify TFG after October 2023, however. The parties have a live dispute about those ongoing defense costs and any future duty to indemnify.

In keeping with their agreement, the parties moved to dismiss TFG's bad-faith claims and for a six-month stay. Rec. Docs. 51, 53. This Court granted both motions. Rec. Doc. 52, 54. This Court stayed this case "without prejudice to being timely reopened" and set October 23, 2023, as the deadline for moving to lift the stay. Rec. Doc. 52 at 1. State Auto now moves to lift the stay.

## ARGUMENT

Federal courts typically have a "virtually unflagging obligation … to exercise the jurisdiction given them." *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). "Abdication of the obligation to decide cases can be justified" under *Colorado River* only if there are "exceptional circumstances." *Id.* at 813. Because TFG still has not dismissed its breach-of-contract counterclaim against State Auto, Rec. Doc. 21 at 25, *Colorado River* controls. *See New England Ins. v. Barnett*, 561 F.3d 392, 394–95 (5th Cir. 2009) (per curiam) (explaining that "when an action involves coercive relief, the district court must apply the abstention standard set forth in *Colorado River*"). Under *Colorado River*, though, abstention requires two "parallel" cases, each "having the same parties and the same issues." *Stewart v. W. Heritage Ins.*, 438 F.3d 488, 491 (5th

- 3 -

Cir. 2006); *accord, e.g.*, *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013) (per curiam); *Am. Guar. & Liab. Ins. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005). Because this case and the Underlying Action do not involve the same parties or the same issues, *Colorado River* cannot support continuing to stay this case. *See, e.g.*, *Tower Nat'l Ins. v. Dixie Motors*, 2015 WL 2452336, at *3 (E.D. La. May 21, 2015) (Lemelle, J.); *TDC Specialty Ins. v. La. Healthcare Consultants, LLC*, 2023 WL 3092799, at *4 (E.D. La. Apr. 26, 2023); *BITCO Gen. Ins. v. Dash Bldg. Material Ctr., Inc.*, 2019 WL 1254891, at *3 (E.D. La. Mar. 19, 2019).[1]

Even if TFG did not have a counterclaim and the only cause of action was State Auto's request for declaratory relief, however, there would still be no basis for a continued stay. Pure declaratory-judgment cases do afford somewhat broader latitude in whether to grant a stay, but courts cannot avoid declaratory-judgment claims "'on the basis of whim or personal disinclination.'" *Travelers Ins. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (quoting *Rowan Cos. v. Griffin*, 876 F.2d 26, 28–29 (5th Cir. 1989)). Court should instead "ascertain whether the questions in controversy between the parties to the federal suit … can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491,

---

[1] Even when there are parallel cases, *Colorado River* requires "careful balancing" of several factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). The standard factors are: (1) "assumption by either court of jurisdiction over a res"; (2) the "relative inconvenience of the forums"; (3) "avoidance of piecemeal litigation"; (4) "the order in which jurisdiction was obtained by the concurrent forums"; (5) "to what extent federal law provides the rules of decision on the merits"; and (6) "the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Stewart*, 438 F.3d at 491 (citation and internal quotation marks omitted). Here, each factor is either neutral or weighs against a stay. For instance, the absence of the first factor—"res or property over which any court, state or federal, has taken control"— "weighs *against* abstention." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (emphasis added). "Because this case does not involve jurisdiction over a res or property," the interest in avoiding piecemeal litigation also "does not weigh in favor of abstention." *Evanston Ins. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988).

495 (1942). And courts must, at minimum, consider the seven factors from *St. Paul Insurance v. Trejo*, 39 F.3d 585 (5th Cir. 1994). Those factors are:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 (5th Cir. 2003) (citing *Trejo*, 39 F.3d at 590–91). Together, these factors examine "the proper allocation of decision-making between state and federal courts," "fairness," and "efficiency." *Id.* at 390–91. Here, none of these considerations support a continued stay. This Court should therefore lift the stay and resolve the parties' coverage dispute.[2]

**A. Continuing to stay this action will prejudice State Auto, but lifting the stay will not cause any inequity.**

The "'purposes of the Declaratory Judgment Act'" inform the analysis of the *Trejo* factors because continuing to stay this action will prejudice State Auto. *Trejo*, 39 F.3d at 590 (citation omitted). State Auto has placed TFG's interests ahead of its own by agreeing to participate in TFG's defense in the Underlying Action. *See* Rec. Doc. 34-2 at 1–2. If State Auto prevails in this

---

[2] As State Auto has explained in prior briefing, this Court has both jurisdiction and authority to grant relief for State Auto. *See generally* Rec. Docs. 37-1, 39, 44.

case, however, then State Auto will have been spending resources for which it had no obligation. Continuing to stay this action would therefore put State Auto in a dilemma: either continue to pay money it may not owe, or else withdraw from TFG's defense and face another bad-faith claim.

The Declaratory Judgment Act exists to prevent that kind of dilemma. *See, e.g.*, *Regions Ins. v. Ace Prop. & Cas. Ins.*, 80 F. Supp. 3d 730, 733 (M.D. La. 2015) ("A declaratory judgment case, by its nature, is intended to offer an early resolution of legal rights."); 10B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2751 (4th ed. 2023) (explaining that a declaratory-judgment action "permits actual controversies to be settled before they ripen into … a breach of contractual duty and it helps avoid a multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligations of litigants." (footnote omitted)); *see also Rowan Cos.*, 876 F.2d at 28. Lifting the stay will therefore advance the purposes of the Declaratory Judgment Act and minimize potential prejudice to State Auto.

Lifting the stay will not cause any harm. Merely being required to defend a suit is not a basis for a stay. Further, because State Auto has agreed to participate in TFG's defense in the Underlying Action—and because TFG is receiving the benefit of other insurance in the Underlying Action—there is no concern about diverting resources away from defending the state-court action. To be clear, if State Auto prevails on its declaratory-judgment claim, then TFG will still receive the benefits of its other insurance coverage. Deciding this case now will not disrupt TFG's representation in the Underlying Action or frustrate the resolution of that case.

    **B.** **The Underlying Action will not fully resolve the issues in this action, but lifting the stay will efficiently resolve the dispute between State Auto and TFG.**

As to the first and seventh *Trejo* factors, this Court should not stay this action because this case is not parallel to the Underlying Action. State Auto is not a party to the California case, and

that case is about purported corporate espionage, not TFG's insurance coverage under the Policy. The Underlying Action therefore will not address—much less resolve—whether State Auto must defend TFG, and the Underlying Action cannot protect State Auto's rights under the Policy.[3] This absence of a parallel state case is an "important factor" that "weighs strongly against" abstaining. *Sherwin-Williams*, 343 F.3d at 394. For similar reasons, this case cannot involve any state judicial decree involving the same parties. That, too, supports lifting the stay. *See also, e.g.*, *Associated Indus. Ins. v. Hingel Petrol., LLC*, 646 F. Supp. 3d 738, 744 (E.D. La. 2022) ("Where an insurance company files suit for declaratory relief in federal court in response to a pending state court case to which it is not a party, this factor weighs against dismissal."); *Ironshore Specialty Ins. v. Tractor Supply Co.*, 624 F. App'x 159, 166–69 (5th Cir. 2015) (per curiam) (reversing a decision to abstain); *W. World Ins. v. Flom*, 2019 WL 142288, at *3–4 (E.D. La. Jan. 9, 2019) (declining to abstain); *Am. Empire Surplus Lines Ins. v. Davie Shoring, Inc.*, 2017 WL 3393998, at *6 (E.D. La. Aug. 8, 2017) (same).

By contrast, in weighing the sixth *Trejo* factor, coverage questions are squarely before this Court, and answering those questions now will promptly and efficiently resolve the dispute between State Auto and TFG. *See Travelers Ins.*, 996 F.2d at 778–79. This Court can resolve as "a matter of law" whether State Auto has a duty to defend TFG. *Project Consulting Servs. v. Emps. Ins. Co. of Wausau*, 2021 WL 4148100, at *7 (E.D. La. Sept. 13, 2021). That duty-to-defend question does not turn on whether TFG is liable in the Underlying Action; all the Court needs to do is compare the allegations in the relevant underlying pleading against the terms of the Policy. *See, e.g.*, *XL Spec. Ins. v. Bollinger Shipyards, Inc.*, 800 F.3d 178, 182 (5th Cir. 2015); *Hanover Ins. v.*

---

[3] Even if the Underlying Action were adequate to protect State Auto's rights, under *Colorado River*, "the adequacy of state proceedings never weighs in favor of abstention—it is 'either a neutral factor or one that weighs against abstention.'" *Saucier v. Aviva Life & Annuity*, 701 F.3d 458, 465 (5th Cir. 2012) (quoting *Stewart*, 438 F.3d at 493).

*Superior Lab. Servs., Inc.*, 179 F. Supp. 3d 656, 670 & n.85 (E.D. La. 2016).[4] And while the Underlying Action likely will not conclude anytime soon, *see* Ex. A at 2, dispositive motions have already been fully briefed in this action. *See* Rec. Docs. 34, 37; *see also* Rec. Docs. 38, 39, 44, 47. Within a week of the stay being lifted, the parties could easily revise (and likely streamline) their dispositive motions to reflect the April 2023 partial settlement, allowing this Court to resolve the insurance-coverage questions by the end of the year.[5]

### C. None of the remaining *Trejo* factors support a continued stay.

None of the other *Trejo* factors support a continued stay. There are no concerns about forum-shopping or inconvenience here. TFG is a Louisiana company, *see* Rec. Doc. 20 at 2; Rec. Doc. 21 at 2, making this Court a convenient forum for parties and witnesses alike. *See Associated Indus. Ins.*, 646 F. Supp. 3d at 745.[6] There was no improper procedural fencing. *See id.* at 744–75; *Sherwin-Williams*, 343 F.3d at 391–92, 397–98; *AXA Re Prop. & Cas. Ins. v. Day*, 162 F. App'x 316, 320–21 (5th Cir. 2006) (per curiam). Finally, this action has been pending since November 2021, and there is no reason to even consider a change of forum at such a late date.

### CONCLUSION

For these reasons, this Court should lift the stay of this action.

---

[4] Under *Colorado River*, moreover, "'the presence of state law issues weighs in favor of surrender only in rare circumstances.'" *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000) (citation omitted); *see Trejo,* 39 F.3d at 590. This Court is familiar with the duty-to-defend analysis, and there is no reason to wait on a California court when *Louisiana* law governs the duty to defend. *See* Rec. Doc. 37-1 at 9 (explaining that Louisiana law applies); *see also Tower Nat'l Ins.*, 2015 WL 2452336, at *4.

[5] The substantial progress made in this action also weighs against abstention under *Colorado River*. *See, e.g.*, *Murphy*, 168 F.3d at 738–39; *Tower Nat'l Ins.*, 2015 WL 2452336, at *4.

[6] This Court is certainly not "'less convenient'" than a California court, which would be the inquiry under the *Colorado River* factors. *Evanston*, 844 F.2d at 1192 (citation omitted).

Respectfully submitted this the 23rd day of October, 2023,

          **MAYNARD NEXSEN PC**

          /s/ *Christopher C. Frost*
          CHRISTOPHER C. FROST (*pro hac vice*)
          JOSHUA B. BAKER (*pro hac vice*)
          CALEB C. WOLANEK (*pro hac vice*)
          1901 Sixth Avenue North, Suite 1700
          Birmingham, AL 35203
          T: (205) 254-1000
          F: (205) 254-1999
          cfrost@maynardnexsen.com
          jbaker@maynardnexsen.com
          cwolanek@maynardnexsen.com

          **SCANDURRO & LAYRISSON, L.L.C.**
          TIMOTHY D. SCANDURRO, Bar #18424
          DEWEY M. SCANDURRO, Bar #23291, T.A.
          607 St. Charles Avenue
          New Orleans, LA 70130
          T: (504) 522-7100
          F: (504) 529-6199
          tim@scanlayr.com
          dewey@scanlayr.com

          *Attorneys for Plaintiff–Counter-Defendant*
          *State Auto Property and Casualty Insurance Co.*