UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STATE AUTO PROPERTY &** | : | **CIVIL ACTION NO: 21-2174** |
| **CASUALTY INSURANCE CO.** | | **SEC. B-2** |
| | | |
| **VERSUS** | : | **JUDGE LEMELLE** |
| | | |
| **TAYLOR FORTUNE GROUP** | | |
| **TENNESSEE, LLC** | : | **MAGISTRATE JUDGE CURRAULT** |

**TAYLOR FORTUNE GROUP'S SUPPLEMENTAL MEMORANDUM**
**ADDRESSING JUSTICIABLITY OF STATE AUTO'S DUTY TO INDEMNIFY**

Taylor Fortune Group Tennessee, LLC ("TFGT") submits this supplemental memorandum, pursuant to this Court's December 22, 2023 Order (Rec. Doc. 60), to briefly address how State Auto's duty to defend TFGT in the California Litigation makes State Auto's declaratory judgment on its duty to indemnify non-justiciable. As discussed briefly below, the "narrow exception" recognized by several Louisiana federal courts for the ripeness of an insurer's indemnity claim does not apply when that insurer has a duty to defend. In the present case, State Auto has a duty to defend TFGT for the libel, slander and product disparagement allegations made in the California Litigation. As a result, State Auto's declaratory judgment on its duty to indemnify is non-justiciable and must be dismissed.

Judge Vance could not have summarized the above principle more clearly:

> The duty to indemnity is sometimes addressed before the resolution of the underlying suit when "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Northfield*, 363 F.3d at 536-37 (5th Cir. 2004). As discussed below, this exception does not apply because the Court finds that Nationwide has a duty to defend Aviz. Therefore, Nationwide's duty to indemnify claim is not justiciable before the resolution of the underlying suit.

*Morad v. Aviz*, No. 12-2190, 2013 WL 1403298, *4 (E.D. La. Apr. 5, 2013)(Vance, J.). It did not matter to the district court that some claims made in the underlying litigation were excluded from

coverage. *Id.* at *8 ("That some of Morad's claims might fall outside of Nationwide's policy does not extinguish Nationwide's duty to defend those claims that are possibly covered."). Because other claims in the underlying litigation were subject to a duty to defend, Judge Vance dismissed the insurer's declaratory judgment action because the insurer had a duty to defend and its claim seeking to avoid indemnity was not justiciable. *Id.*

The same result is warranted in the present case because State Auto has a duty to defend TFGT in response to the libel, slander and product disparagement allegations made in the California Litigation. Therefore, State Auto's "duty to indemnify claim is not justiciable before the resolution of the underlying suit." *Id.*

The decisions from the Middle District of Louisiana noted by the Court do not alter this conclusion. Indeed, the district court in *Endurance American Insurance Co. v. ABC Caulking Contractors, Inc.*, No. 20-174, 2021 WL 4097142 (M.D. La. Mar. 4, 2022), further narrowed the "ripeness exception" and dismissed an insurer's declaratory judgment claims when "there is still a possibility the claims asserted against [the insured] could be covered under the [insurer's] policy." *Id*. at *11. Of course, this Court does not need to look to possible claims in the California Litigation to conclude that the "narrow exception" is inapplicable. The plaintiff in the California Litigation has in fact asserted claims squarely covered by State Auto's policy.

Lastly, the decision in *Allied World Surplus Lines Ins. Co. v. Amedisys, Inc.*, No. 21-000379, 2022 WL 19023830 (M.D. La. Mar. 4, 2022), does not apply because, unlike the present case, the insurer's "duty to defend [was] *not* at issue." *Id.* at 1 (emphasis in original). Here, State Auto's declaratory judgment action seeks to avoid both the duty to defend as well as the duty to indemnify. *See* Rec. Doc. 20 at 1 (First Amended Complaint)("State Auto denies it has a duty to defend or indemnify Defendant in connection with the Underlying Action").

Based on the foregoing, TFGT's Motion to Dismiss (Rec. Doc. 34) and the Court's December 22, 2023 Order, TFGT's declaratory judgment claim regarding its duty to defend should be dismissed based on (1) State Auto's policy insuring TFGT against claims arising from "material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services,"[1] and (2) the allegations made in California state court of TFGT's "product disparagement, false advertising [and] trade libel."[2]  Next, because this duty to defend makes the "narrow exception" for ripeness inapplicable under the *Morad* and *Endurance American* decisions, State Auto's declaratory judgment regarding its duty to indemnify should be dismissed as non-justiciable. Put differently, as a non-justiciable declaratory judgment claim, the first requirement of the *Orix Credit Alliance* test[3] is absent, making dismissal of State Auto's declaratory judgment claims appropriate.

Respectfully submitted,

**LISKOW & LEWIS**

/s/ Thomas P. Diaz
Thomas P. Diaz (Bar #18863)
Cecilia G. Vazquez (Bar #39373)
Hancock Whitney Center, Suite 5000
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:  504-581-7979
Facsimile:  504-556-4108

And

**SCOTT VICKNAIR, LLC**
DAVID P. VICKNAIR #34135
BRAD P. SCOTT, #28220
CAITLIN B. CARRIGAN #33754

---

[1] Rec. Doc. 20-2 (Exhibit B to State Auto's First Amended Complaint) at p. 129.
[2] Rec. Doc. 20-3 (Exhibit C to State Auto's First Amended Complaint) at p. 97.
[3] *See Sherwin-Williams co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003)(citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

909 Poydras Street, Suite 2025
New Orleans, Louisiana 70112
Telephone (504) 500-1111
Facsimile (504) 226-2339
david@svlaw.law
brad@svlaw.law
caitlin@svlaw.law

*Attorneys for Taylor Fortune Group Tennessee, LLC*